Fitch, Sheriff, v. Cook et al.

### SHERIFF FITCH v. COOK ET AL.

A prisoner who hath taken the poor debtor's oath must remain a reasonable time after the money left for his support, is expended.

ERROR to reverse a judgment of the City Court in an action brought by said sheriff against said Cook, etc. upon a bond given him, conditioned that said Cook who was in gaol upon a certain execution, should abide a true and faithful prisoner.

Plea in bar — That on the 4th of February, 52 minutes after 2 o'clock in the afternoon, said Cook took the oath provided by law for poor prisoners, and money was left with the gaoler for his support, according to the rate stated by the County Court, until the 30th day of March following, including his dinner on said day; that after he had eat his dinner, at 3 o'clock on said 30th day of March aforesaid,

he left the gaol, there then being no money left for his support.

Plaintiff replies — Admits that said Cook took the oath aforesaid at the time specified in the plea, and says that five minutes after said Cook left the gaol the creditor left money with the gaoler for his support.    Demurrer to the reply. Judgment of the City Court, that the plaintiff's reply is insufficient.

Errors assigned generally.

Judgment of this court — That there is manifest error in the judgment complained of.   The law is to have a reasonable construction, it was made for the relief of poor imprisoned debtors, and may not be so construed as to work an injury to the honest creditor.   The object of the law is, the sustenance of the debtor; and it could not be said with any propriety, that he was without sustenance at this time, being immediately after his dinner.   See Sheriff Parsons v. Whetmore, Middlesex July Term, 1789.